IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHARLENE ANDREA TISDALE, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| KAUFMAN AND BROAD MORTGAGE | § | CIVIL ACTION NO. 1:17-cv-00810-SS |
| COMPANY, MORTGAGE | § | |
| ELECTRONIC REGISTRATION | § | |
| SYSTEMS, INC., JPMORGAN CHASE | § | |
| BANK, WELLS FARGO BANK, N.A., | § | |
| HUSSAM AL LEHEIBAT | § | |
|     *Defendants*. | § | |

**DEFENDANTS WELLS FARGO BANK, N.A. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION TO DISMISS**

TO THE HONORABLE SAM SPARKS:

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Mortgage Electronic Registration Systems, Inc. ("MERS") (Wells Fargo and MERS collectively "Defendants") hereby file this Motion to Dismiss, and respectfully shows the Court the following:

**I.   INTRODUCTION**

Plaintiff Charlene Andrea Tisdale ("Plaintiff") filed this post-foreclosure lawsuit to delay or even eliminate the right of the purchaser at the foreclosure sale to obtain possession of the property at issue. Plaintiff challenges the foreclosure of her mortgage loan and claims the ability to rescind her 2001 loan. But Plaintiff's rescission-based claims are barred by limitations. And Plaintiff's foreclosure-based claims are conclusively rebutted by the documents of public record attached to her Complaint. Therefore, the Court should dismiss Plaintiff's claims with prejudice.

1

## II. BACKGROUND

Plaintiff's claims in this lawsuit involve real property located at 308 Greener Drive, Leander, Texas 78641 (the "Property"). According to the Complaint and the documents of public record referenced therein, on or about August 6, 2001, Plaintiff, together with her husband Willie Gene Tisdale, executed a promissory note (the "Note") in the original principal amount of $133,878 to purchase the Property.[1] *See* Compl. at ¶ 10, Ex. 2. Plaintiff and her husband also executed a deed of trust (the "Deed of Trust") securing repayment of the Note with the Property.[2] *See* Compl. at ¶ 10, Ex. 1.

The Deed of Trust names MERS as beneficiary in a nominee capacity for the original lender Kaufman and Broad Mortgage Company ("Kaufman") and Kaufman's successors and assigns. *See* Compl. at Ex. 1 at 2. The Deed of Trust expressly provides that MERS, as trust deed beneficiary for Kaufman and its successors and assigns, "has the right: to exercise any of those interests, including, but not limited to, the right to foreclose and sell the Property . . . ." *Id.* at 2.

On July 22, 2008, Plaintiff and her husband entered into a loan modification agreement (the "Loan Modification") with Wells Fargo. *See* Compl. ¶ 14, Ex. 3. The Loan Modification reamoritized the Loan allowing Plaintiff to catch up on unpaid principal and interest. *See id.* ¶¶ 1-2. The Loan Modification also specified that Plaintiff was to make Loan payments to Wells

---

[1] The Note attached to Plaintiff's Complaint shows an initial indorsement from Kaufman to Washington Mutual Home Loans ("WAMU"), and then an indorsement in blank from WAMU. *See* Compl. at Ex. 2.

[2] Plaintiff attaches public records on file with the Williamson County Clerk to her Complaint as Exhibits 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 13. *See* Compl. at Exs. 1-13. These exhibits are documents of public record and are central to Plaintiff's claims, and the Court may consider them for purposes of this Rule 12(b)(6) motion. *E.g.*, *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court may view this public record online through the Williamson County Clerk's website: https://eagle.wilco.org/williamsonweb/. Pursuant to Federal Rule of Evidence 201, Wells Fargo requests that the Court take judicial notice of these exhibits. *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

Fargo.  *Id.* ¶ 2.  Plaintiff acknowledged in the Loan Modification that Wells Fargo had standing to foreclose pursuant to the terms of the Deed of Trust.  *See id.* ¶¶ 3, 6.

MERS assigned the Deed of Trust to Wells Fargo on January 20, 2011.  *See* Compl. at Ex. 5 (Assignment of Deed of Trust).[3]

Plaintiff subsequently defaulted on her payment obligations under the Loan, and, pursuant to the terms of the Deed of Trust, Wells Fargo sold the Property to Hussam Al Leheibat ("Buyer").  *See* Compl. at Ex. 13 (Substitute Trustee's Deed).  Plaintiff filed this lawsuit to rescind the foreclosure sale.  *See* Compl. at 30-36.

Plaintiff now challenges both the origination of the Loan and Wells Fargo's foreclosure of the Property pursuant to the terms of the Deed of Trust.  *See* Compl. ¶¶ 25-32.  With regard to origination, Plaintiff alleges that she is entitled to rescind the Loan pursuant to the Truth in Lending Act ("TILA") because Kaufman and Wells Fargo failed to provide her with required notices.  *See* Compl. ¶¶ 30-32.  With regard to foreclosure, Plaintiff alleges that Wells Fargo did not have standing to foreclose because Wells Fargo "can show no chain of title that would allow them ownership or interest of the Note or Deed of Trust."  *See* Compl. ¶ 25-26.  Plaintiff also alleges that, because Wells Fargo did not have standing to foreclose, the pre-foreclosure notices sent by Wells Fargo were ineffective, and Wells Fargo's foreclosure violated Section 51.002 of the Texas Property Code.  *See* Compl. ¶ 27-29.

But Plaintiff fails to state a claim upon which relief can be granted.  Plaintiff's origination-based claims are barred by the statute of limitations.  And Plaintiff's foreclosure-based claims are conclusively rebutted by the documents of public record attached to the

---

[3] An second assignment of the Deed of Trust was recorded on January 31, 2012.  *See* Compl. at Ex. 7.  The 2012 assignment is between the same parties—MERS, as nominee for Kaufman and its successors and assigns, and Wells Fargo—as the 2011 assignment and does not otherwise alter Wells Fargo's standing as last assignee of record.  *Compare* Compl. at Ex. 5 *with* Compl. at Ex. 7.

3

Complaint, which establish that Wells Fargo had authority to foreclose as mortgagee. Therefore, the Court should dismiss Plaintiff's claims with prejudice.

### III.  ARGUMENTS & AUTHORITY

Plaintiff asserts a TILA claim seeking to rescind the Loan. But Plaintiff's claim fails because the right if rescission under TILA does not apply to residential mortgages, and Plaintiff's claim would otherwise be barred by limitations. Plaintiff also challenges Wells Fargo's standing to foreclose and argues that pre-foreclosure notices sent by Wells Fargo are invalid because Wells Fargo lacks standing to foreclose. But the documents of public record attached by Plaintiff to the Complaint conclusively establish that Wells Fargo, as the last assignee of record of the Deed of Trust, has standing to foreclose as mortgagee. And as mortgagee, Wells Fargo had authority to send Plaintiff pre-foreclosure notices. Therefore, Plaintiff's claims related to standing fail, and the Court should dismiss all claims in the Complaint with prejudice.

**A.    The right of rescission does not apply to residential mortgages, and Plaintiff's TILA claim is otherwise barred by limitations.**

Plaintiff asserts a TILA claim alleging that she is entitled to rescind the foreclosure sale because she was not provided with Notice of Right to Cancel at closing. Compl. ¶¶ 30-32. But TILA expressly provides that the right of rescission does not apply to residential mortgages. *See* 15 U.S.C. § 1635(e)(1); *see also, e.g.*, *Wilder v. Ogden Ragland Mortg.*, No. 3:15-CV-4013-N (BF), 2017 WL 1048128, at *3 (N.D. Tex. Feb. 10, 2017); *Des Rochers v. Blucher*, No. A-16-CV-556-LY, 2016 WL 4386093, at *2 (W.D. Tex. Aug. 16, 2016); *Graham v. LNV Corp.*, No. A–13–CV–818-LY, 2014 WL 12586365, at *4 (W.D. Tex. Feb. 12, 2014). A residential mortgage transaction is "a transaction in which a mortgage [or] deed of trust . . . is created or

AUS:0105492/00436:708283v4

retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(x); *see also Wilder*, 2017 WL 1048128, at *3; *Graham*, 2014 WL 12586365, at *4 n.3.  Because the Loan is a residential mortgage under TILA, Plaintiff's claim for a rescission necessarily fails.

Even if Plaintiff could state a claim for rescission of a residential mortgage, Plaintiff's claim is barred by limitations.  Plaintiff appears to argue that limitations period has not expired on her purported TILA claim because Defendants did not provide the required disclosures.  *See* Compl. ¶ 31.  But actions for a rescission under TILA must be brought within three years of the closing of the subject loan regardless of whether the borrower received all of the information required under TILA.  *See* 15 U.S.C. § 1635(f); *see also McCrimmon v. Wells Fargo Bank, N.A.*, 516 F. App'x 372, 375 (5th Cir. 2013) ("Claims for recession under TILA must be brought within three years.").  Because the Loan closed in 2001, the limitations period on Plaintiff's purported TILA claim has long expired.  *See id.*  Plaintiff's TILA claim accordingly fails.[4]

**B.      Plaintiff's claims fail to the extent they are based on the "split-the-note" theory.**

Though not entirely clear, Plaintiff appears to argue that Wells Fargo lacks standing to foreclose because the Note was endorsed to another party prior to the assignment of the Deed of Trust to Wells Fargo.  *See* Compl. ¶¶ 12-14, 25-26.  Plaintiff argues that every time a promissory note is endorsed to another party, it must be accompanied by an assignment of the Deed of Trust to the second party.  The two instruments must not be separated, but must be held by the same party to whom the note was endorsed.  Compl. ¶ 12.  But the Fifth Circuit has roundly rejected

---

[4] Plaintiff alleges that Kaufman committed "fraud per se" by originating the Loan.  *See* Compl. ¶ 18.  To the extent Plaintiff's passing reference to fraud is an attempt to assert a fraud claim against MERS, Wells Fargo, or any other defendant, Plaintiff's claim is barred by four-year statute of limitations applicable to fraud claims because the Loan originated in 2001.  *See* Compl. at Ex. 1; *McCrimmon*, 516 F. App'x at 375 n. 6 (citing to *Exxon Corp v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 202 (Tex. 2011) and TEX. CIV. PRAC. & REM. CODE § 16.004).

this "split-the-note" theory. *See, e.g.*, *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013); *Rust v. Bank of Am., N.A.*, 573 F. App'x 343, 346 (5th Cir. 2014). "Texas courts have repeatedly discussed the dual nature of a note and deed of trust, recognizing that a note and deed of trust afford distinct remedies on separate obligations." *Rivera v. Deutsche Bank Nat'l Trust Co.*, A–13–CV–610-LY, 2013 WL 12131906, at *5 (W.D. Tex. Nov. 25, 2013) (quoting *Martins*, 722 F.3d at 254). And the Fifth Circuit has clearly stated that where, as here, a party has been assigned the Deed of Trust, that party need not possess the note itself to foreclose.[5] *See Martins*, 722 F.3d at 255. Therefore, Plaintiff's claims fail to the extent they rest on the split-the-note theory.

**C.   Plaintiff's allegations that Wells Fargo lacks standing to foreclose is conclusively negated by the documents of public record attached to the Complaint.**

Plaintiff alleges that Wells Fargo lacks standing to foreclose because Wells Fargo "can show no chain of title that would allow them ownership or interest of the Note or Deed of Trust." Compl. ¶ 26. But Plaintiff's allegations are conclusively negated by the documents of public record attached to the Complaint. *See* Compl. Ex. 5. These documents reveal that MERS, as nominee for Kaufman and Kaufman's successors and assigns, assigned the Deed of Trust to Wells Fargo on January 13, 2011.[6] *See id.* at Exs. 1, 5. Therefore, Wells Fargo has standing to foreclose as mortgagee, being the last assignee to whom the Deed of Trust was assigned of record. *See id.*; TEX. PROP. CODE §§ 51.0001(4), 51.002, 51.0025. Plaintiff's claims premised on lack of standing accordingly fail.

---

[5] Plaintiff provides a copy of the Note that is indorsed in blank. *See* Compl. at Ex. 2. Plaintiff also acknowledge in the Loan Modification that Wells Fargo is the lender. *See* Compl. at Ex. 3. Therefore, even if Wells Fargo is required to own an interest in the Note to foreclose—which it is not—Wells Fargo has authority as lender to which the Note has been indorsed in blank. *See* Compl. at Exs. 2-3.

[6] Contrary to Plaintiff's allegations, the chain of title is clear. MERS is the original record beneficiary of the Deed of Trust recorded on September 10, 2001. Compl. at Ex. 1. MERS assigned the Deed of Trust to Wells Fargo on January 13, 2011. Compl. at Ex. 5. Wells Fargo, being the last assignee of record of the Deed of Trust, foreclosed on the Property pursuant to the Deed of Trust on June 6, 2017. *See* Compl. at Ex. 13.

Furthermore, to the extent Plaintiff is attempting to challenge Wells Fargo's standing based on MERS' participation in the assignment of the Deed of Trust, Plaintiff's claims must fail. The Deed of Trust expressly provides that MERS, as beneficiary, "has the right: to exercise any of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender . . . ." Compl. at Ex. 1 at 2. And the Fifth Circuit has "repeatedly rejected similar attempts to challenge an assignee's standing to foreclose under an assignment from MERS." *Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 278 (5th Cir. 2014); *see also Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) ("MERS and its assigns [are permitted] to bring foreclosure actions under the Texas Property Code."); *Martins*, 722 F.3d at 253 (5th Cir. 2013).

**D.     Wells Fargo did not violate the notice requirements of Section 51.002 of the Texas Property because it had standing to foreclose as mortgagee.**

Plaintiff does not allege that Wells Fargo failed to send pre-foreclosure notices. *See id.* ¶¶ 28-29. Instead, Plaintiff alleges that she was never provided with the requisite pre-foreclosure notices "from a valid owner of record, as mandated by the Texas Property Code." Compl. ¶ 28. The thrust of Plaintiff's claim is that pre-foreclosure notices sent by Wells Fargo were invalid because "Wells Fargo was not ever a contract lien holder." *Id.* ¶ 29. Put another way, Plaintiff is arguing that, because Wells Fargo allegedly lacks standing to foreclose, Wells Fargo's attempts to send pre-foreclosure notices in accordance with Section 51.002 of the Texas Property Code are ineffective. *See id.* at ¶¶ 28-29.

But the public records attached to the Complaint establish that Wells Fargo had standing to foreclose as mortgagee. *See supra* Part III.C. Therefore, Wells Fargo, as mortgagee had authority to send pre-foreclosure notices. *See id.* at §§ 51.0001(3), 51.002(d); *see also Rust*, 573 F. App'x at 346 (explaining that the roles of mortgagee and mortgage servicer are not mutually

7

exclusive and that the Texas Property Code allows mortgagees to act as their own mortgage servicers). Therefore, Plaintiff's claim for alleged violations of the Texas Property Code fails.

### E. Plaintiff should be estopped from challenging Wells Fargo's standing to foreclose.

Estoppel by contract forbids a party to a contract from taking a position inconsistent with the terms of the contract when that position prejudices another. *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 639-40 (5th Cir. 2007) (citing *Johnson v. Structured Asset Servs., LLC*, 148 S.W.3d 711, 721–22 (Tex.App.—Dallas 2004, no pet.)). The doctrine applies when it would be unconscionable to allow a person to maintain a position inconsistent with one to which she accepted a benefit. *Id.* at 640. "In other words, the doctrine forbids a party from accepting the benefits of a transaction and then subsequently taking an inconsistent position to avoid corresponding obligations or effects." *Id.*

Here, Plaintiff should be estopped from denying Wells Fargo's standing to foreclose because Plaintiff executed the Loan Modification with Wells Fargo. *See* Compl. Ex. 3. The Loan Modification acknowledges Wells Fargo's standing to foreclose pursuant to the terms of the Deed of Trust. *See id.* ¶¶ 3, 6. By executing the Loan Modification, Plaintiff took a position with regard to Wells Fargo's standing to foreclose and accepted the benefits of that position. *See generally id.* Plaintiff now seeks to take an inconsistent position that would prejudice Wells Fargo. *See* Compl. ¶¶ 25-29. Therefore, Plaintiff should be estopped from challenging Wells Fargo's standing to foreclose. *See, e.g.*, *Lozano*, 489 F.3d at 641 (holding that forbearance agreements executed by the borrowers estopped the borrowers from later disclaiming their obligations under the mortgage loan).

AUS:0105492/00436:708283v4

F.     **Plaintiff is not entitled to a declaratory judgment.**

The Texas Declaratory Judgment Act does not apply to removed actions; however, this Court can construe Plaintiff's request for declaratory relief as being brought under the federal Declaratory Judgment Act. *See Castle Mortgage Corp. v. GMAC Mortgage, LLC*, No. 3:12-CV-1969-N BF, 2013 WL 5299298, at *4 (N.D. Tex. Sept. 20, 2013). A request for a declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action. *E.g.*, *Bauer v. Texas,* 341 F.3d 352, 358 (5th Cir. 2003); *Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170-171 (5th Cir. 1990). Here, Plaintiff failed to allege an independent and viable cause of action separate from her request for declaratory relief. Because Plaintiff failed to plead any cognizable claim against Defendant, this Court should decline to consider Plaintiff's request for declaratory relief. *See Hockessin Holdings, Inc. v. Ocwen Loan Servicing, L.L.C.*, No. 5:15-CV-1103-DAE, 2016 WL 247727, at *5 (W.D. Tex. Jan. 19, 2016) ("Plaintiff fails to state a claim under Texas law by seeking relief under the Texas Declaratory Judgment Act."); *Kingman Holdings, LLC v. Everbank*, No. 5:13-CV-1127, 2014 WL 1491257, at *4 (W.D. Tex. Apr. 14, 2014) ("A request for declaratory judgment is 'merely a theory of recovery' for a cause of action, and because Plaintiff has failed to allege a cause of action under the only claim it has brought . . . its request for declaratory judgment also fails.") (internal citations omitted)).

Furthermore, the arguments on which Plaintiff rests her declaratory judgment action fail. Plaintiff argues that Wells Fargo could not foreclose because it had no interest in the Note. *See* Compl. ¶¶ 34, 36. But Wells Fargo need not possess an interest in the Note to foreclose pursuant to the Deed of Trust. *See supra* Part III.B-C. Plaintiff also argues that the foreclosure sale is void because the substitute trustee was the grantee of the substitute trustee's deed. *See* Compl. ¶

9

35.  But the substitute trustee's deed, attached as Exhibit 13 to the Complaint, shows that the substitute trustee acted as grantor—not grantee—and sold the property to Hussam Al Leheibat. *See* Compl. at Ex. 13.  Mr. Al Leheibat is named as a defendant in this lawsuit, and Plaintiff acknowledges that he purchased the Property at the foreclosure sale.  *See* Compl. ¶ 7.  To the extent Plaintiff is attempting to argue that the substitute trustee's involvement as grantor renders the foreclosure sale void, Plaintiff's argument fails because the Texas Property Code expressly provides that substitute trustees may conduct foreclosure sales on behalf of mortgagees such as Wells Fargo.  *See* TEX. PROP. CODE § 51.0075(c).  Here, Wells Fargo properly appointed the substitute trustees in question.  *See* Compl. at Ex. 11.

## IV.   CONCLUSION

Plaintiff fails to state a claim upon which relief can be granted.  Accordingly, Defendants Wells Fargo Bank, N.A. and Mortgage Electronic Registration Systems, Inc. respectfully request that their Motion to Dismiss be granted and that Plaintiff's claims be dismissed with prejudice. Defendants further request all relief, at law or in equity, to which they are entitled.

AUS:0105492/00436:708283v4

    Respectfully submitted,

LOCKE LORD LLP

By: */s/ Joel Thomason*
        **B. David L. Foster**
        Texas Bar No. 24031555
        **Joel Thomason**
        Texas Bar No. 24086612
        600 Congress Ave., Suite 2200
        Austin, Texas 78701
        (512) 305-4700
        (512) 305-4800 (Facsimile)
        dfoster@lockelord.com
        jthomason@lockelord.com

        **Robert T. Mowrey**
        Texas Bar No. 14607500
        2200 Ross Avenue, Suite 2200
        Dallas, Texas 75201-6776
        (214) 740-8000
        (214) 740-8800 (Facsimile)
        rmowrey@lockelord.com

        **ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served as indicated on this 22nd day of August, 2017, to the following:

**VIA FIRST CLASS MAIL
and CERTIFIED MAIL**
Charlene Andrea Tisdale
308 Greener Drive
Leander, Texas 78641
*Plaintiff Pro Se*

**VIA FIRST CLASS MAIL
and AND FACSIMILE**
Devin Black
Black Law Firm, PLLC
710 Cedar Park, Texas 78613
*Attorney for Defendant Hussam
Al Leheibat*

                   _/s/ Joel Thomason_____
                   Joel Thomason

AUS:0105492/00436:708283v4