IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2017 OCT -4  AM 9:08
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

CHARLENE ANDREA TISDALE,
        Plaintiff,

-vs-                                                                Case No. A-17-CA-810-SS

KAUFMAN AND BROAD MORTGAGE
COMPANY; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; JPMORGAN
CHASE BANK; WELLS FARGO BANK, N.A.; and
HUSSAM AL LEHEIBAT,
        Defendants.

# ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Wells Fargo Bank, N.A. (Wells Fargo) and Mortgage Electronic Registration Services (MERS)'s Motion to Dismiss [#6], Plaintiff Charlene Andrea Tisdale (Plaintiff)'s Response [#10] in opposition, and MERS and Wells Fargo's Reply [#11] in support, as well as Plaintiff's Motion to Remand [#8] and MERS and Wells Fargo's Response [#9] in opposition.[1] Having considered the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

## Background

This case centers around a foreclosure action involving real property located at 308 Greener Drive, Leander, Texas 78641 (the Property). On August 6, 2001, Plaintiff and her husband, Willie Gene Tisdale, executed a promissory note (the Note) for $133,878 to purchase the Property. Removal

---

[1] Defendant Kaufman and Broad Mortgage Company (KBMC)'s Motion for a More Definite Statement [#17] is also pending before the Court. However, because the Court grants MERS and Wells Fargo's motion to dismiss below, the Court dismisses the motion for a more definite statement as moot.

Notice [#1-1] Ex. A (State Court File) at 16 (Pet.), 36–38 (the Note).[2] Plaintiff and her husband also executed a deed of trust (Deed of Trust), securing repayment of the Note with the Property (collectively, the Mortgage). *Id.* at 25–34 (Deed of Trust).

The Deed of Trust names MERS as nominee for lender KBMC, its successors, and its assigns. *Id.* at 25. The Deed of Trust expressly provides MERS, as the beneficiary for KBMC and its successors and assigns, "has the right: to exercise any of those interests, including, but not limited to, the right to foreclose and sell the Property . . . ." *Id.* at 26.

On July 22, 2008, Plaintiff and her husband entered into a loan modification agreement (the Loan Modification) with Wells Fargo. *Id.* at 16 (Pet.). The Loan Modification amended and supplemented the Deed of Trust and the Note to re-amortize the Mortgage. *Id.* at 40 (Loan Modification). Furthermore, the Loan Modification required Plaintiff to make the loan payments to Wells Fargo, rather than MERS or KBMC. *Id.* at 41. In addition, Plaintiff and Wells Fargo, as Borrower and Lender respectively, agreed in the Loan Modification to be "bound by, and comply with all of the terms and provisions [of the Mortgage], as amended by this Agreement." *Id.* at 42.

A little over two years later, on January 20, 2011, MERS assigned the Deed of Trust to Wells Fargo. *Id.* at 49–51 (Assignment). The assignment was publically recorded with the County Clerk of Williamson County, Texas. *Id.* at 51.

At some point later, Plaintiff and her husband defaulted on the Mortgage. *Id.* at 77.[3] Wells Fargo sent Plaintiff an initial notice of acceleration and notice of trustee sale on December 12, 2011.

---

[2] Wells Fargo and MERS attached the entire state court file as one exhibit to the notice of removal. *See* Removal Notice [#1-1] Ex. A (State Court File). To provide clarity, where the Court cites the State Court File, the Court cites the CM/ECF page numbers of the State Court File and includes a reference to the specific document cited in a parenthetical.

[3] It is unclear from the State Court File exactly when Plaintiff and her husband defaulted on the Mortgage.

*Id.* at 23 (Pet.), 53–54 (Initial Notice). The initial notice represented the Property would be sold at a foreclosure sale on January 3, 2012. *Id.* at 53. Wells Fargo sent Plaintiff four subsequent notices, each pushing back the date of a foreclosure sale. *Id.* at 23, 60–69, 74–75. The final notice, dated March 29, 2017, indicated the Property would be sold on June 6, 2017. *Id.* at 74–75. And, on June 6, 2017, the Property was sold in a public auction to Hussam Al Leheibat. *Id.* at 77.

On July 5, 2017, Plaintiff filed this lawsuit in the 26th Judicial District Court of Williamson County, Texas against KBMC, MERS, JPMorgan Chase Bank, Wells Fargo, and Hussam Al Leheibat (collectively, Defendants). *Id.* at 14. Plaintiff alleges KBMC was not properly licensed as a residential mortgage loan originator and the Mortgage was not properly assigned to Wells Fargo. *Id.* at 16–18. Therefore, according to Plaintiff, Wells Fargo did not have standing or authority to foreclose on the property. *Id.* at 18–19. Based on these allegations, Plaintiff claims wrongful foreclosure; violation of the Texas Property Code § 51.002; violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601; and entitlement to declaratory judgment. *Id.* at 18–22.

Wells Fargo and MERS removed the case to this Court on August 21, 2017. At the time of removal, Plaintiff had not served any of the Defendants. State Court File at 2–3. While Hussam Al Leheibat appeared in the state court action, he has consented to removal. *See* Removal Notice [#1] at 2. Wells Fargo and MERS did not obtain consent for removal from the other Defendants. Id.

## Analysis

Both a motion to remand and motion to dismiss are pending in this case. As set forth below, Plaintiff contends Defendants have not shown the Court has jurisdiction. The Court disagrees with Plaintiff, finds jurisdiction is proper, and thus reaches the motion to dismiss. In the motion to dismiss, Wells Fargo and MERS argue Plaintiff's foreclosure-based claims are conclusively rebutted

by the public records attached to Plaintiff's state court petition and Plaintiff's TILA claim is barred by the statute itself as well as the statute of limitations. Because this Court agrees, this case must be dismissed.

## I. Motion to Remand

### A. Legal Standard

In general, a defendant may remove a civil action if a federal court would have had original jurisdiction over one or more of the plaintiff's claims. *See* 28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331." *Holmes Grp., Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 830 (2002). Under this rule, a case "arises under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax. Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28. Moreover, the federal question "must be disclosed upon the face of the complaint, unaided by the answer . . . ." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). "[T]he complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense." *Id.* at 113. The corollary is that a federal defense alone is not a basis for federal jurisdiction. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

### B. Application

In asking the Court to remand the case, Plaintiff claims (1) the Court does not have diversity jurisdiction because Hussam Al Leheibat is a non-diverse party; (2) the complaint does not raise a

federal question; (3) the TILA claims could also be heard in state court; and (4) all Defendants did not consent to removal. Mot. Remand [#8].

As an initial matter, Plaintiff's argument the Court lacks diversity jurisdiction is irrelevant. Wells Fargo and MERS removed this case from state court based on federal question jurisdiction, not diversity jurisdiction. *See* Removal Notice [#1].

Second, in alleging a violation of TILA, Plaintiff asserts a cause of action created by federal law. State Court File at 20–21 (citing 15 U.S.C. § 1601). Thus, Plaintiff's TILA cause of action arises under federal law for purposes of 28 U.S.C. § 1331, and the Court has federal question jurisdiction.

Third, although Plaintiff correctly asserts her TILA claim could also be heard in state court, this fact does not preclude federal court jurisdiction. If the state court action could have been originally filed in federal court, the action can be removed by the defendant. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). And once a federal court "has proper removal jurisdiction over a federal claim, it may exercise supplemental jurisdiction over the state law claims . . . ." *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999) (citing 28 U.S.C. § 1367).

Finally, Plaintiff's argument all Defendants did not consent to removal misinterprets the removal requirements. Only defendants who have been served and properly joined at the time of removal need to consent to removal. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1261 n.9 (5th Cir. 1988). Here, no defendant has been served, and Hussam Al Leheibat, who appeared in state court, consented to removal. Removal Notice [#1] at 2.

Thus, the Court denies Plaintiff's motion to remand as the Court possesses federal question jurisdiction over the TILA cause of action and supplemental jurisdiction over the remaining claims.

## II.    Motion to Dismiss

### A.    Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, the plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts "must consider" the complaint, as well as other

sources such as documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

**B.     Application**

    **1.     Foreclosure-Related Claims**

Plaintiff claims Wells Fargo "at no time had the standing, authority[,] or right to foreclose [on the Property]." State Court File at 18 (Pet.). Relatedly, Plaintiff alleges the foreclosure on the Property did not follow the steps proscribed by Texas Property Code § 51.002 because Wells Fargo was not a "contract lien holder." *Id.* at 19–20. Therefore, according to Plaintiff, Wells Fargo did not and could not properly execute the foreclosure because its attempts to send the required pre-foreclosure notices were ineffective. *Id.* For these reasons, Plaintiff asks the Court issue a declaratory judgment stating Defendants engaged in a wrongful foreclosure and Plaintiff is the rightful owner of the Property. *Id.* at 21–22. In sum, in asserting claims for wrongful foreclosure, violation of Texas Property Code § 51.002, and entitlement to a declaratory judgment, Plaintiff alleges Wells Fargo unlawfully foreclosed on the Property.

However, the public records attached to the state court petition demonstrate Wells Fargo did have authority to foreclose on the Property. Specifically, the Deed of Trust specified MERS was the nominee of KBMC, its successors, and its assigns. State Court File at 25 (Deed of Trust). And MERS assigned the Deed of Trust to Wells Fargo on January 20, 2011, via a publically recorded document. *Id.* at 49–51 (Assignment). Consequently, Wells Fargo had standing to foreclose on the Property as the mortgagee because it was the last assignee of record to whom the Deed of Trust had been assigned. *See* TEX. PROP. CODE § 51.0001(4) (defining mortgagee to be "the last person to whom the

security interest has been assigned of record"); *id.* § 51.002 (mandating the process by which a mortgagee conducts a foreclosure under Texas Law).

Alternatively, even if Wells Fargo was not the mortgagee, Wells Fargo was the mortgage servicer. Under Texas law, a mortgage servicer is the "last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument." *Id.* § 51.0001(3). The Loan Modification required Plaintiff to make her loan payments to Wells Fargo, rather than MERS or KBMC. State Court File at 41 (Loan Modification). As a mortgage servicer, Wells Fargo also had standing to foreclose on the property. *See* TEX. PROP. CODE § 51.0025 (specifying how a mortgage servicer can administer a foreclosure). Thus, Plaintiff's wrongful foreclosure claim, claim under the Texas Property Code, and request for declaratory judgment are facially implausible and must be dismissed.

2.  **TILA Claim**

In claiming her rights under TILA were violated, Plaintiff seeks rescission of the Mortgage. *See* State Court File at 20–21 (Pet.). But Plaintiff fails to state a claim under TILA for at least two reasons. First, TILA expressly states the right of rescission does not apply to residential mortgage transactions. 15 U.S.C. § 1635(e)(1); *see also id.* § 1602(x) (defining residential mortgage transaction as "a transaction in which a mortgage, deed of trust, . . . or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"). Second, Plaintiff's TILA claims are time-barred. The right to rescission under TILA expires after three years from the date of consummation of the transaction. *Lowery v. Capital One Mortg.*, 429 F. App'x 377, 378 (5th Cir. 2011) (per curiam) (citing 15 U.S.C. § 1635(f)) (holding the district court did not err in finding the plaintiff failed to state a claim in

seeking rescission under TILA beyond the three-year period). As a result, the Court dismisses Plaintiff's TILA claim.

## Conclusion

For all the foregoing reasons, the Court grants Wells Fargo and MERS's motion to dismiss. Although leave to amend a complaint is to be freely given, here amendment of Plaintiff's state court petition would be futile. Because the public records attached to Plaintiff's petition show Wells Fargo had authority to foreclose on the property and Plaintiff's TILA claim is expressly prohibited by the statute as well as barred by the statute of limitations, Plaintiff cannot establish a cause of action on these claims against Defendants. Therefore, dismissal is with prejudice.

Accordingly,

IT IS ORDERED that Plaintiff Charlene Andrea Tisdale's Motion to Remand [#8] is DENIED;

IT IS FURTHER ORDERED that Defendants Wells Fargo Bank, N.A. and Mortgage Electronic Registration Services's Motion to Dismiss [#6] is GRANTED;

IT IS FURTHER ORDERED that all claims brought by Plaintiff Charlene Andrea Tisdale are DISMISSED with prejudice; and

IT IS FINALLY ORDERED that Defendant Kaufman and Broad Mortgage Company's Motion for a More Definite Statement [#17] is DISMISSED as moot.

SIGNED this the 3rd day of October 2017.

_/s/ Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE