IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

17 OCT 17 AM 8:43

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

CHARLENE ANDREA TISDALE,
      Plaintiff,

-vs-
                                            Case No. A-17-CA-810-SS

KAUFMAN AND BROAD MORTGAGE
COMPANY; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; JPMORGAN
CHASE BANK; WELLS FARGO BANK, N.A.;
and HUSSAM AL LEHEIBAT,
      Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff's Second Motion to Remand or, in the Alternative, Dismiss for Lack of Jurisdiction [#23]. Having considered the documents, the governing law, and the file as a whole, the Court now enters the following opinion and order.

After denying Plaintiff's first motion to remand, the Court dismissed this case with prejudice with respect to all Defendants because the undisputed pleadings established Plaintiff had no viable cause of action as a matter of law. Order of Oct. 4, 2017 [#21]; Order of Dismissal of Oct. 4, 2017 [#22]. Plaintiff now files a second motion to remand, again challenging this Court's jurisdiction.

The Court construes Plaintiff's second motion for remand as a Rule 54(b) motion because it reasserts the same arguments for remand previously made to the Court. *Compare* Mot. Remand [#8] *with* Second Mot. Remand [#23]; *See* FED. R. CIV. P. 54(b) (giving a district court discretion to "revise[] at any time before the entry of a judgment" "any order or other decision, however

designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties").

Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court . . . [a]nd the standard would appear to be less exacting than that imposed by Rules 59 and 60." *Cantwell Family Tr. (1998) & Cantwell Holdings, Ltd. v. Hyten,* No. A-15-CA-414-SS, 2016 WL 1610610 at *2 (W.D. Tex. Apr. 20, 2016) (citing *Dos Santos v. Bell Helicopter Textron, Inc. Dist.,* 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009)). In examining a Rule 54(b) motion to reconsider, however, "considerations similar to those under Rules 59 and 60 inform the Court's analysis." *Id.* In particular, a Court considers "whether the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first time without justification . . . ." *Dos Santos,* 651 F. Supp. 2d at 553 (citations omitted).

In its prior order, the Court denied Plaintiff's motion to remand because the Court possessed federal question jurisdiction over Plaintiff's claims asserted under the Truth in Lending Act (TILA), 15 U.S.C. § 1601. Order of Oct. 4, 2017 [#21] at 5. Furthermore, the Court had supplemental jurisdiction over the remaining state law claims. *Id.* In filing a second motion for remand, Plaintiff only attempt to rehash the arguments she previously made. Plaintiff's motion for reconsideration presents no argument or authority warranting reconsideration of the Court's prior order denying remand and granting Defendants' motion to dismiss. Therefore, the Court finds reconsideration is not proper and dismisses Plaintiff's second motion for remand.

## Conclusion

Accordingly:

IT IS ORDERED that Plaintiff Charlene Andrea Tisdale's Second Motion to Remand or, in the Alternative, Dismiss for Lack of Jurisdiction [#23] is DISMISSED.

SIGNED this the 16th day of October 2017.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE