IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CHARLENE ANDREA TISDALE, § | |
|    *Plaintiff*, § | |
| § | |
| v. § | |
| § | |
| KAUFMAN AND BOARD § | |
| MORTGAGE COMPANY, § | CIVIL ACTION NO. 1:17-cv-00810-SS |
| MORTGAGE ELECTRONIC § | |
| REGISTRATION SYSTEMS, INC., § | |
| JPMORGAN CHASE BANK, WELLS § | |
| FARGO, N.A., HUSSAM AL § | |
| LEHEIBAT, § | |
|    *Defendants.* § | |

**DEFENDANT HUSSAM AL LEHEIBAT'S RESPONSE
IN OPPOSITION TO PLAINTIFF'S SECOND MOTION TO REMAND
OR IN THE ALTERNATIVE DISMISS FOR LACK OF JURISDICTION**

Defendant Hussam Al Leheibat ("Al Leheibat" or "Defendant") files this Response in Opposition to Plaintiff Charlene Andrea Tisdale's ("Plaintiff") Second Motion to Remand or in the Alternative Dismiss for Lack of Jurisdiction (the "Second Motion") and respectfully shows the Court as follows:

On June 21, 2017, Plaintiff was served a three-day notice to vacate the premises based upon her purchase of the foreclosed home at auction on June 6, 2017. *See* ECF 1 exhibits 13 and 14. Two days before the scheduled bench trial Plaintiff filed this suit in state court. *Id.* On October 4, 2017, the court dismissed this lawsuit with prejudice. *See* ECF No. 21. Plaintiff was personally served a second three-days' notice to vacate on October 5, 2017 based upon the dismissal. A week later, on October 11, 2017, Plaintiff filed the Second Motion which included no new arguments, law, or facts for the court to consider. *See* ECF No. 23. The Second Motion was filed for an improper purpose, namely to (1) cause unnecessary delay for the purpose of

1

staying unlawfully in on the property longer at substantial cost to Defendant Al Leheibat and (2)needlessly increase the costs of litigation for Defendant Al Leheibat and other Defendants.

The Second Motion again argues that the Court should (1) remand this lawsuit to state court because Defendant is Texas resident or, in the alternative, (2) dismiss the case with prejudice because the Court lack subject matter jurisdiction. *See id*. Plaintiff's subject matter jurisdiction claims go as far as to claim that no federal court has jurisdiction over any case involving property located outside the physical limits of Washington, D.C.  This Court has already rejected each of these arguments.

Regardless of Defendant's citizenship or residency, the Court's jurisdiction in this case is based primarily on federal question jurisdiction rather than diversity jurisdiction. *See* ECF No. 21 at 5; *see also* 28 U.S.C. § 1331.  Plaintiff asserted a cause of action created by federal law and the Constitution provides that the Court has jurisdiction over "all cases, in law and equity, arising under… the laws of the United States."  U.S. CONST., art. III, § 2.  *See also* ECF No. 21 at 5. Plaintiff's argument that the Court lacks jurisdiction over state claims because they are not in fact federal questions also fails.  This Court has supplementary jurisdiction over all other claims, state claims or otherwise, that form part of the same case or controversy as the underlying federal question.  26 U.S.C. §1367.  Further, whenever a separate and independent claim federal claim or cause of action is joined  with "one or more other-wise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein…" 26 U.S. Code § 1441.  This Court has already help that Defendant Al Lebeibat's citizenship is irrelevant and that it has subject matter jurisdiction.  ECF No. 21 at 5.

Plaintiff further moves the Court to require Defendants as a group to produce original documentation of the underlying promissory note and deed of trust that grants Wells Fargo the

authority to foreclose on the property in question.  *See*  ECF No. 23 at 3.  Texas courts have consistently rejected the notion that creditors need to produce the original note in foreclosure cases, noting that these "show-me-the-note" theory claims are routinely dismissed because no foreclosure statute require it.  *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3293190, at *3 (Tex. App.—Austin Aug. 30, 2012, pet. denied); see also, e.g., *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254-55 (5th Cir. 2013).  The Court has already held, in its dismissal order, that Plaintiff herself produced the necessary public record documents with her original complaint establish Defendant Wells Fargo's authority to foreclose pursuant to the applicable deed of trust as the last assignee of record. *See*  ECF No. 21 at 7–8; *see also* TEX. PROP. CODE § 51.0001(4); *id.* § 51.0002.  This argument, again, fails.

## CONCLUSION

Plaintiff's Second Motion to Remand or in the Alternative Dismiss for Lack of Jurisdiction should be denied.  Each and every argument presented by the Plaintiff has already been addressed and answered by this Court and is without support or basis in law.  Defendant Al Leheibat does not wish to have Plaintiff sanctioned but does respectfully request that the Court deny Plaintiff's Second Motion and grant Defendants such other relief, general or specific, to which they are justly entitled including attorney's fees, costs, and back rent for the property at issue.

Respectfully submitted,

BLACK LAW FIRM, PLLC

By:   */s/ Devin Bradley Black*
       **Devin Bradley Black**
       Texas Bar No. 24087171
       710 Settlement Street
       Cedar Park, Texas 78613
       Phone: (512) 842-9690
       Facsimile: (512) 717-4912
       dblack@blacklawtx.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served as indicated on this 17th day of October, 2017, to the following:

**VIA FIRST CLASS MAIL and CERTIFIED MAIL**
Charlene Andrea Tisdale
308 Greener Drive
Leander, Texas 78641
*Plaintiff Pro Se*

**VIA ECF**
Joel Thomason
B. David L. Foster
Locke Lord LLP
600 Congress Avenue, Suite 2200
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)
dfoster@lockelord.com
jthomason@lockelord.com
*Attorneys for Wells Fargo Bank, N.A. and Mortgage Electronic Registration Systems, Inc.*

**VIA ECF**
Carl J. Wilkerson
Bush Rudnicki Shelton, P.C.
200 N. Mesquite Street, Suite 200
Arlington, Texas 76011
(817) 274-5992
(817) 261-1671 (Facsimile)
cwilkerson@brstexas.com
*Attorney for KB Home Mortgage Company*

      /s/ Devin Bradley Black
      **Devin Bradley Black**