IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHARLENE ANDREA TISDALE, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| KAUFMAN AND BROAD MORTGAGE | § | CIVIL ACTION NO. 1:17-cv-00810-SS |
| COMPANY, MORTGAGE | § | |
| ELECTRONIC REGISTRATION | § | |
| SYSTEMS, INC., JPMORGAN CHASE | § | |
| BANK, WELLS FARGO BANK, N.A., | § | |
| HUSSAM AL LEHEIBAT, | § | |
| *Defendants*. | § | |

**DEFENDANTS WELLS FARGO BANK, N.A. AND**
**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S**
**RESPONSE TO PLAINTIFF'S MOTION FOR NEW TRIAL**

TO THE HONORABLE SAM SPARKS

Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Mortgage Electronic Registration Systems, Inc. ("MERS") (Wells Fargo and MERS collectively "Defendants") file their Response to Plaintiff Charlene Andrea Tisdale's ("Plaintiff") Motion for New Trial (the "Motion for New Trial") and respectfully show the Court the following:

## I.   INTRODUCTION

The Court granted Defendants' Motion to Dismiss in its order dated October 4, 2017 (the "Dismissal Order") and dismissed Plaintiff's claims with prejudice. *See* ECF No. 21. The Dismissal Order also dismissed Plaintiff's then-pending Motion to Remand. *See id.* at 4-5. Following the dismissal of Plaintiff's claims, on October 11, 2017, Plaintiff filed a Second Motion to Remand or in the Alternative Dismiss for Lack of Jurisdiction (the "Second Motion to

Remand"), rehashing arguments that were rejected by the Court in the Dismissal Order.[1]  *See* ECF No. 23.

On October 17, 2017, Plaintiff filed her Motion for New Trial.  *See* ECF No. 25.  The Motion for New Trial again repeats arguments that Plaintiff asserted in her Complaint and in both motions to remand.  Namely, Plaintiff argues that the Court lacks subject matter jurisdiction because Defendant Hussam Al Leheibat is a Texas citizen.  *See id.* at 2, 4-5.  Plaintiff also challenges the Court's holding that Wells Fargo had authority to foreclose on the property at issue in this lawsuit (the "Property").  *See id.* at 2-3, 5-7.  But while the Motion for New Trial is rife with questions, Plaintiff fails to establish any manifest error of law or fact.  The Court correctly held that (1) Defendant Al Leheibat's citizenship is irrelevant because this lawsuit was removed on the basis of federal question jurisdiction rather than diversity jurisdiction, and (2) Wells Fargo was entitled to foreclose on the Property as mortgagee.  *See generally* ECF No. 21.  Because Plaintiff's meritless arguments have previously been addressed and rejected by the Court, the Motion for New Trial should be denied.

## II.   ARGUMENT AND AUTHORITIES

As there has been no trial in this matter, Plaintiff's motion should be construed as a motion to alter or amend judgment under Rule 59(e).  *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (construing a motion for new trial challenging an entry of summary judgment as a Rule 59(e) motion to alter or amend judgment); *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 (5th Cir. 1996) ("The [plaintiffs'] reconsideration motion was styled as a motion for new trial, pursuant to FED. R. CIV. P. 59(a), but was correctly analyzed and decided in the district court as a Rule 59(e) motion to reconsider entry of summary judgment.").  All of Plaintiff's arguments could have been—and *were*—made before the

---

[1] The Court denied the Second Motion to Remand on October 17, 2017. *See* ECF No. 26.

judgment was issued. This is not the extraordinary case that presents an exception to the rule of finality. Thus, Rule 59(e) requires this Court to deny Plaintiff's requested relief. *See Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) ("[Rule 59(e)] motions cannot be used to raise arguments which could, and should, have been made before the judgment issued.").

**A.    Plaintiff fails to present any grounds under Rule 59(e) to justify reconsideration of the Court's thorough, well-reasoned order dismissing this lawsuit.**

A Rule 59(e) motion to alter or amend a judgment is an "extraordinary remedy" used only sparingly by the courts. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," but instead is intended to allow a court to correct manifest errors of law or fact, to correct inadvertent clerical errors, or to present newly discovered evidence. *Id.* Indeed, the "remedy is so extraordinary that the standard under Rule 59(e) 'favor[s] the denial of motions to alter or amend a judgment.'" *Sanders v. Bell Helicopter Textron, Inc.*, No. 4:04-cv-254-Y, 2005 WL 6090228, at *1 (N.D. Tex. Oct. 25, 2005) (quoting *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

There are three grounds for altering or amending a judgment under a Rule 59(e) motion: (1) to correct a manifest error of law or fact; (2) to account for newly discovered evidence; or (3) to accommodate an intervening change in the controlling law. *See Kirchner v. Deutsche Bank Nat'l Trust Co.*, No. 5:17-cv-00341-XR, 2017 WL 3326967, at *3 (W.D. Tex. Aug. 2, 2017) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Although the decision to grant a motion to reconsider is within the discretion of the district court, the decision should be made by striking a balance between "the need to bring litigation to an end" and "the need to render just decisions on the basis of all the facts." *Templet*, 367 F.3d at 479.

Plaintiff contends that the basis for the Motion for New Trial is a manifest error of law or fact.  *See* ECF No. 25 at 1.  But Plaintiff fails to identify any error of law or fact; instead, Plaintiff simply proffers the same arguments previously raised—that (1) the Court lacks subject matter jurisdiction because Defendant Al Leheibat is a citizen of Texas; and (2) Wells Fargo did not have authority to foreclose on the Property.  *See generally id.*  Plaintiff raised the jurisdictional argument in two previous motions to remand and raised the foreclose-based argument in her Complaint.  *See generally* Compl.; ECF No. 8; ECF No. 23.  The Court rejected both arguments in its Dismissal Order and again rejected the jurisdictional arguments in an October 17, 2017 order denying the Second Motion to Remand.  *See* ECF No. 21; ECF No. 26.  It is well settled that a Rule 59(e) motion cannot be used to get a "second bite at the apple" and re-litigate matters that have already been considered by the parties and the Court, and resolved to the movant's dissatisfaction.  *See Kirchner*, 2017 WL 3326967, at *3; *Alvarado v. Tex. Rangers*, No. EP-03-CA-0305-FM, 2005 WL 1420846, *2 (W.D. Tex. June 14, 2005).  Because Plaintiff is improperly employing Rule 59(e) to simply rehash meritless arguments previously raised, this Court should deny Plaintiff's Motion for New Trial.

**B.**     **Plaintiff's arguments otherwise fail.**

Even if the Court were to re-consider Plaintiff's argument raised in the Motion for New Trial (which it should decline to do), the Court's analysis (and judgment) would remain the same.  As the Court correctly held, Defendant Al Leheibat's citizenship is irrelevant because this lawsuit was removed on the basis of federal question jurisdiction rather than diversity jurisdiction. *See* ECF No. 21 at 5; ECF No. 26; *see also* ECF No. 1 at ¶¶ 9-12.

The Court also correctly held that Wells Fargo had authority to foreclose.  *See* ECF No. 21 at 7-8.  The documents of public record attached to the Complaint establish that Wells Fargo

4

was mortgagee as the last assignee to whom to subject deed of trust (the "Deed of Trust") was assigned of record, affording Wells Fargo the right to foreclose pursuant to the Texas Property Code.[2] *See* Compl. Exs. 1, 5, 13; TEX. PROP. CODE §§ 51.0001(4), 51.002, 51.0025. Furthermore, Plaintiff appears to misunderstand the nature of the Deed of Trust. She implies in her Motion for New Trial that only MERS, as nominee for Kaufman and Broad Mortgage Company, the originating lender, had authority to foreclose. *See* ECF No. 25 at 2-3, 5-7. But the Deed of Trust clearly states that Lender and Lender's assigns may invoke the power of sale upon Plaintiff's default. *See* Compl. Ex. 1 at ¶ 12 ("The covenants and agreements of this [Deed of Trust] shall bind and benefit the successors and assigns of Lender and Borrower . . . ."); *id* at ¶ 18 (providing for the power of sale). Therefore, Wells Fargo, as assignee, could invoke the power of sale upon Plaintiff's default. *See id.*; *see also id.* at Ex. 5 (assignment of Deed of Trust to Wells Fargo). Plaintiff's argument that Wells Fargo lacked the authority to foreclose is misplaced.[3]

### III. CONCLUSION

Plaintiff's Motion for New Trial is without merit. The Court correctly granted the Motion to Dismiss filed by Defendants Wells Fargo Bank, N.A. and Mortgage Electronic Registration Systems, Inc.. Therefore, Defendants request that the Court deny Plaintiff's Motion for New Trial and grant Defendants all other relief, in law or equity, to which Defendants may be justly entitled.

---

[2] Contrary to Plaintiff's allegations, the chain of title is clear. MERS is the original record beneficiary of the Deed of Trust recorded on September 10, 2001. Compl. at Ex. 1. MERS assigned the Deed of Trust to Wells Fargo on January 13, 2011. Compl. at Ex. 5. Wells Fargo, being the last assignee of record of the Deed of Trust, foreclosed on the Property pursuant to the Deed of Trust on June 6, 2017. *See* Compl. at Ex. 13.

[3] Plaintiff also acknowledges in a loan modification executed in 2008 that Wells Fargo is lender. *See* Compl. at Ex. 3. Therefore, Plaintiff is estopped from now claiming that Wells Fargo lacks the authority to foreclose as lender.

Respectfully submitted,

LOCKE LORD LLP

By: */s/ Joel Thomason*
      **B. David L. Foster**
      Texas Bar No. 24031555
      **Joel Thomason**
      Texas Bar No. 24086612
      600 Congress Ave., Suite 2200
      Austin, Texas 78701
      (512) 305-4700
      (512) 305-4800 (Facsimile)
      dfoster@lockelord.com
      jthomason@lockelord.com

      **Robert T. Mowrey**
      Texas Bar No. 14607500
      2200 Ross Avenue, Suite 2200
      Dallas, Texas 75201-6776
      (214) 740-8000
      (214) 740-8800 (Facsimile)
      rmowrey@lockelord.com

**ATTORNEYS FOR DEFENDANTS WELLS FARGO BANK, N.A. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served as indicated on this 18th day of October, 2017, to the following:

**VIA FIRST CLASS MAIL and CERTIFIED MAIL**
Charlene Andrea Tisdale
308 Greener Drive
Leander, Texas 78641
*Plaintiff Pro Se*

**VIA ECF**
Devin Black
Black Law Firm, PLLC
710 Settlement Street
Cedar Park, Texas 78613
(512) 842-9690
(512) 717-4912 (Facsimile)
dblack@blacklawtx.com
*Attorney for Defendant Hussam Al Leheibat*

**VIA ECF**
Carl J. Wilkerson
Bush Rudnicki Shelton, P.C.
200 N. Mesquite Street, Suite 200
Arlington, Texas 76011
(817) 274-5992
(817) 261-1671 (Facsimile)
cwilkerson@brstexas.com
*Attorney for KB Home Mortgage Company*

                                                */s/ Joel Thomason*_____
                                                Joel Thomason