RECEIVED
OCT 26 2017
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

FILED
OCT 26 2017
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CHARLENE ANDREA TISDALE, §<br>Plaintiff, §<br>§<br>v. §<br>§<br>KAUFMAN AND BROAD MORTGAGE §<br>COMPANY, MORTGAGE §<br>ELECTRONIC REGISTRATION §<br>SYSTEMS, INC., JPMORGAN CHASE §<br>BANK, WELLS FARGO BANK, N.A., §<br>HUSSAM AL LEHEIBAT, §<br>Defendants. § | CIVIL ACTION NO. 1:17-cv-00810 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS WELLS FARGO BANK, N.A. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC'S, RESPONSE TO PLAINTIFF'S MOTION FOR NEW TRIAL**

In her Motion for New Trial, Charlene Tisdale pointed out a number of unanswered questions. Most important among them, how did Wells Fargo have the authority or jurisdiction to foreclose on her Note?

In its response to the Motion for New Trial, Defendants' attorneys only complain of the litany of questions, all of them still unanswered.

Plaintiff attaches to this response, a letter dated December 13, 2001 from Washington Mutual, noticing the new home owners of a group mortgage protection insurance plan. Plaintiff reminds the Court that she has submitted a copy of the Note which shows the endorsement and allonge to Washington Mutual, yet, Washington Mutual does not appear in public records as one to whom the Deed of Trust was assigned.

1

This evidence is proof positive that Washington Mutual, even though there is no public record, assumed the Note and deed of trust in 2001.

Even worse, there is no assignment from any entity to Wells Fargo, who magically appeared and issued a modification in 2008. There are too many unanswered questions to summarily dismiss Defendants from this suit. Ownership and possession of a note and deed of trust can only be established through an unbroken chain in public record.

Defendants make the argument that, even though Al Leheibat is not of diverse citizenry, it doesn't matter to the jurisdiction of this Court.

Defendants, echoing Judge Sparks, state again that the Al Lehiebat's citizenship is irrelevant because this lawsuit was removed on the basis of federal question jurisdiction rather than diversity jurisdiction. Perhaps Defendants have not read their own pleadings.

Rather than argue with Defendants, Plaintiff states that she believes this issue to be a state court matter, not a federal question, nor a federal issue. In other words, she claims that the federal court does not have jurisdiction over the matter.

In the event the district court continues to rule as it has, Plaintiff will set the record for appeal.

Diversity of citizenship is an important element in whether or not a federal court has jurisdiction over a suit.

One of the statutes cited by Defendants was that of diversity of citizenship. The court cannot claim to have jurisdiction over the case if 28 U.S.C. §1441 is cited as a reason for removal. One of the defendants is a Texas citizen, and jurisdiction to the federal court is denied on that issue. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, (5th Cir. 2007); *Aguilar v. State Farm Lloyds*, No. 4:15-CV-565-A, (U.S.D.C. N.D.Texas, Fort Worth Division 2015); *Eclipse Aesthetics LLC v. Regenlab USA, LLC,* No. 3:16-cv-1448-M, (U.S.D.C., N.D. Texas, Dallas Division 2016).

As for removal on a federal question, in order to construe Plaintiff's pleadings to have raised them to the level of federal jurisdiction, Plaintiff, in her complaint, had to have relied on the TILA statutes for her major relief. She did not. Federal jurisdiction is not established in her petition.

Defendants, in the Notice of Removal pleading, did not perfect the burden of establishing federal jurisdiction. Plaintiff claims that federal jurisdiction did not exist at the time of removal, and certainly Defendants did not establish federal jurisdiction before Judge Sparks entered a judgment.

The general rule for determining whether a case raises a federal question is that the federal question be substantial. The resolution of the TILA violations mentioned in Plaintiff's complaint do not make or break the case. The complaint rests on the fact that Wells Fargo had no authority or jurisdiction to foreclose on

3

Plaintiff's property as there is no chain of title in public record which ends with Wells Fargo, and Wells Fargo does not possess the Note which would allow it foreclose. The federal right is not an essential element of Plaintiff's claim, no interpretation of the federal right is necessary to the case, and the question of federal law is not substantial. Defendants failed to establish federal question jurisdiction.

Federal question jurisdiction is not created when the federal question appears only in an alternative argument for relief. *Gully v. First National Bank in Meridian*, 81 F.2d 502, (5th Cir. 1936). The state law issues overwhelm the federal law issues.

The burden of establishing federal jurisdiction rests on the party seeking the federal forum. For diversity jurisdiction, the party asserting federal jurisdiction must "distinctly and affirmatively allege" the citizenship of the parties. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, (5th Cir. 2001) states that if Defendants have failed to meet the burden of establishing diversity, the federal courts cannot presume to have jurisdiction.

Once more, Plaintiff challenges the jurisdiction of the district court and requests that this suit be remanded, or set for appeal.

Respectfully,

*[signature: Charlene Tisdale]*
Charlene Andrea Tisdale
308 Greener Drive
Leander, Texas 78641

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of Plaintiff's Motion to Remand was sent by U. S. Postal Service on October 23, 2017 to:

B. David L. Foster
600 Congress Ave., Suite 2200
Austin, Texas 78701

Devin Black
Black Law Firm, PLLC
710 Cedar Park, Texas 78613

*[signature: Charlene Tisdale]*

5

# EXHIBIT 1

# Washington Mutual

12/13/01


WILLIE GENE TISDALE
CHARLENE ANDREA TISDALE
308 GREENER DRIVE

LEANDER          TX     78641


RE:  Account Number:  0404150509


Dear Valued Customer,

Congratulations on the purchase of your new home!

Often times on newly constructed homes, the first year's tax bill
is based solely on the value of the lot. As a result, the second
year's tax bill is significantly higher as it is based on both
the value of the lot as well as your home (fully assessed value).

It is our understanding that your taxing authority has
assessed your property on the value of only the lot. When your
taxing authority reassesses your property to include the lot and
your home, your tax bills will increase significantly. This will
mean the escrow portion of your monthly payment will also be
increased.

In order to minimize the potential payment increase, we are
requesting your assistance in obtaining a tax estimate based on
the fully assessed value of your property.

You may already have the fully assessed amount(s) for your taxes,
but if not, an estimate may be obtained from your local taxing
authority. If you are not able to obtain the amount of the tax,
we will accept your best estimate of the fully assessed tax bill
amount.

It is important that you provide this information to us as soon
as possible. This will assist to minimize a potential payment
increase as well as a shortage in your escrow.

Please complete the form below and forward it to our office in
the enclosed prepaid envelope.


# Washington Mutual

Washington Mutual Home Loans, Inc.  P.O. Box 3139  Milwaukee, WI  53201-3139  1-800-333-9999

Form CSF3. 02/23/98

# Liberty

Liberty Life Insurance
Greenville, South Carolina 29602

You, the Insured (or Joint Insureds if joint coverage), are insured under a Group Policy issued to the Policyholder by the Company.

We will pay benefits to the Policyholder as provided in this Certificate on receipt at our Home Office of due proof that an Insured has died accidentally while this Certificate is in force. We pay only for one death if both of you die at the same time under joint coverage. Your maximum amount of accidental death insurance may not exceed $250,000 regardless of the number of Certificates issued to you under the Group Policy. Payment will be made to the Policyholder to reduce or pay off the insured loan at time of accidental death. If proceeds are in excess of the amount due the Policyholder, the excess will be paid to the estate of the Insured as provided in the Insured's Certificate.

This Certificate is issued based on your enrollment form and the payment of premium contributions.

## APPLICATION FOR GROUP MORTGAGE PROTECTION ACCIDENTAL DEATH INSURANCE PLAN

The Borrower and if indicated below, the Co-Borrower, has requested coverage under the Group Mortgage Protection Accidental Death Insurance Plan underwritten by Liberty Life Insurance Company, Greenville, South Carolina. The borrower authorizes the lending institution to add the monthly premium for this coverage to the mortgage payment.   YES [X]   NO   Premium Effective Date   Jan 2003

| INITIAL AMOUNT OF INSURANCE | PREMIUM SINGLE | PREMIUM JOINT | TERM OF INSURANCE | LOAN BALANCE |
|---|---|---|---|---|
| $132,722.80 | | $53.08 | | $132,722.80 |

Coverage Effective Date   August 01, 2002

Washington Mutual, Florence, SC is designated as beneficiary to the extent of the indebtedness. Any excess proceeds will be paid to the insured's estate or to the estate of the first to die of the joint insureds, if joint coverage.

| BORROWER NAME | BIRTHDATE | MALE | FEMALE | CO-BORROWER NAME (Complete only if joint) | BIRTHDATE | MALE | FEMALE |
|---|---|---|---|---|---|---|---|
| Charlene Andrea Tisdale | 07/06/1968 | ☐ | ☐ | Willie Gene Tisdale | 02/18/1966 | ☐ | ☐ |

The borrower(s) is/are under age 70. This application will form a part of the contract for insurance.

_signature_   BL4928
SIGNATURE OF SERVICE REPRESENTATIVE   07/02/2002 DATE

Charlene Andrea Tisdale
308 Greener Dr
Leander, TX 78641-7992

_Diana Randolph_   BL0820
CONFIRMED BY   07/02/2002 DATE

7400609029   BL 60
L-625

The maximum amount limitation will not be used to deny or reduce liability under this Certificate. If you are issued accidental death insurance in excess of the maximum amount in error, the Company has the right within 60 days from the effective date of the Certificate issued to you to reduce excess coverage and refund the excess charge paid, provided you are alive on the adjustment or termination date.

_signature_   _signature_
Secretary   President

**Certificate of Accidental Death Insurance**
**Group Decreasing Single/Joint Accidental Death Insurance**
Nonconvertible — Nonparticipating

Form No. 048-907 (4-90) TX

# Washington Mutual

```
WILLIE GENE TISDALE
CHARLENE ANDREA TISDALE
Account Number 0404150509
12/13/01
Page 2




If you have any questions, please contact our Customer Call
Center at (800) 333-9999.  Any of our representatives will be
happy to assist you.

Sincerely,


Customer Services Department



Enclosure:  Prepaid Envelope


6.89
```
------------------------------------------------------------

Name:   WILLIE GENE TISDALE                        Loan #0404150509
        CHARLENE ANDREA TISDALE
        LEANDER               TX

Please include all taxes pertaining to your property.  Include
the total estimated fully assessed amount for the YEAR in the
blanks below.  NOTE:  This is not the assessed value of the
property, but the actual tax amount you expect to pay.

County         _____(Yearly Tax Amount)

City           _____(Yearly Tax Amount)

Village        _____(Yearly Tax Amount)

School         _____(Yearly Tax Amount)

Mud/Pud        _____(Yearly Tax Amount)

Please do not include payments with your response.

0266613 0273942

**Washington Mutual**
HOME LOANS

Customer Care - 1-866-WaMu-Yes or 1-866-926-8937
Hearing Impaired - Dial 7-1-1 for assistance

0266613 01 AT 0.292 **AUTO  T5 0 9219 78641-7992    4   MA1
#BWNCLNN
#1960219074969696#
WILLIE GENE TISDALE
CHARLENE ANDREA TISDALE
306 GREENER DR
LEANDER TX 78641-7992

**Loan Statement**                                Page 1 of 2

STATEMENT DATE:                                August 06, 2003
Activity Since:                                August 04, 2003

Loan Number:                                   8021074896
Property Address:   306 GREENER DR
                    LEANDER TX 78641

### Current Loan Information
| | |
|---|---|
| Principal Balance | $131,015.90 |
| Escrow Balance | $204.54- |
| Interest Rate | 7.37500% |

### Year-to-Date-Information
| | |
|---|---|
| Interest Paid | $6,467.52 |
| Principal Paid | $929.84 |
| Real Estate Taxes Paid | $0.00 |
| Insurance Paid | $0.00 |
| PMI/FHA Paid | $433.52 |
| Late Charges Paid | $85.04 |

### Payment Due Information

### Account History
| Date | Description | Principal | Interest | Escrow | Optional Insurance | Unapplied Funds/Subsidy | Other Fees/Late Charges | Total Amount |
|---|---|---|---|---|---|---|---|---|
| 08/06 | Disb for Mortgage Ins. | | | 54.19- | | | | 54.19- |
| 08/06 | Payment | 118.74 | 805.93 | 877.57 | 53.08 | 1,855.32- | | |

### Messages
Visit us at: www.WaMuHomeLoans.com

If you are in bankruptcy or you have been discharged from bankruptcy, this billing statement is for informational purposes only and is not intended as an attempt to collect a debt. If your payments are being made through a bankruptcy trustee, please provide this statement information to the trustee.

---

Please return bottom portion with your payment (Allow 7-10 days for postal delivery). 150-B

**Washington Mutual**
HOME LOANS
                                   150-B

WILLIE GENE TISDALE
CHARLENE ANDREA TISDALE

Please write your loan number on your check.
Make check payable to Washington Mutual.

| Loan Number | Statement Date | Due Date | Total Amount Due |
|---|---|---|---|
| 8021074896 | August 06, 2003 | | |

☐ Please check here if change of address, sss# or telephone number is indicated on the reverse of this form.

Undesignated additional funds will be applied first to advances, fees due and then to principal.

| If Received After | Total Amount Plus Late Charge |
|---|---|
| | |


WASHINGTON MUTUAL
PO BOX 34150
SAN ANTONIO TX 78265-4150

Payment Amount $ _____
PLEASE APPLY ADDITIONAL FUNDS TO:
+ Late Charge         _____
+ Additional Principal _____
+ Additional Escrow   _____
+ Future Payments     _____
=Total Amount
  Enclosed            [          ]

0000000  0000000  0000000  8021074896  0408997  0007209  0185532  8

Charlene Tisdal
308 Greenes
Leander, TX 78641

AUSTIN TX 787
RIO GRANDE DISTRICT
25 OCT 2017 PM 4 L

U.S. District Clerk's Office
501 W. Fifth Street, Suite 1100
Austin, TX. 78701

78701-381275

SCREENED BY CSO
OCT 26 2017